# SUPREME JUDICIAL COURT

### FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1842, AT SALEM.

=======

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY, ⎱ Justices.
Hon. SAMUEL HUBBARD, ⎰

---

## ABIEL CHANDLER & others *vs.* JOSEPH E. SPRAGUE.

A. of Brazil, being indebted to P., H. & Co. of New York, was requested by them to make a remittance in discharge of his debt, and he thereupon shipped goods on board a vessel bound to Salem, on his own account and risk, and sent therewith bills of lading, by which the goods were made deliverable to his own order, and which were indorsed by him in blank, and enclosed to H. & Co. of New York (successors of P., H. & Co.) with authority to fill up the blank and make the goods deliverable to themselves, or to such person as they might name, with power to receive the proceeds in satisfaction of A.'s debt to P., H. & Co : On the arrival of the vessel at Salem, the bills of lading were forwarded to H. & Co., who filled up the indorsement thereon by making the goods deliverable to C., H. & Co. of Boston, who were to pay duties and freight, dispose of the goods, and account for the proceeds thereof in payment of A.'s said debt : C., H. & Co. thereupon went to Salem, received the goods and entered them at the custom house, gave bond for the duties, and became responsible for the freight: While the goods were in their possession, the same were attached as the property of P., H. & Co.; whereupon C., H. & Co. brought an action of replevin against the attaching officer.
*Held,* that the property in the goods had not vested in P., H. & Co., and that C., H. & Co. were entitled to maintain their action.

THIS was an action of replevin, brought by Chandler, Howard & Co. of Boston, against the sheriff of this county, for taking and detaining 24 cases of India rubber shoes, and 470 al-

quiers of castana nuts. The defendant justified, and claimed to hold said goods under attachments thereof, as the property of Parker, Howard & Co., of New York, made by him on writs sued out against them by their creditors.

The trial was before the chief justice, and a verdict was re turned for the plaintiffs, subject to the decision of the whole court upon their right to maintain the action on the facts of the case. Those facts are sufficiently shown in the opinion of the court.

This case was argued at the last November term.

*N. J. Lord*, for the defendant.

*Ward*, for the plaintiffs.

SHAW, C. J.  The question is, whether the legal property in these goods was in the plaintiffs, at the time they were attached as the property of Parker, Howard & Co. of New York. It seems to us, as we understand the facts, that the question is not a difficult one. It appears that James Campbell of Para, in Brazil, was indebted to said Parker, Howard & Co., and that upon their request that he would make them a remittance in discharge of his debt, he shipped the goods in question to this country ; and the ultimate object of that shipment was, to pay the debt due to them. But the goods were not shipped to them, nor consigned to them. They were shipped by Campbell, on his own account and risk, by the brig Amethyst, to Salem, under bills of lading, making the goods deliverable to his own order, and indorsed by him in blank. The bills of lading were enclosed to Howard & Co. of New York, (the firm of Parker, Howard & Co. having been dissolved,) with authority to fill them up so as to make the goods thereby deliverable to themselves, or to such person as they might name, with author ity to receive the proceeds in satisfaction of their debt. On the arrival of the goods and these documents, at Salem, the bill of lading was forwarded to Howard & Co. (who had succeeded to Parker, Howard & Co.), and was filled up by them, making the goods deliverable to the plaintiffs, who were to sell them, pay freight, duties and expenses, and account for the net proceeds, in payment of the shipper's debt to Parker, Howard & Co.  The plaintiffs presented the bills of lading, at Salem,

Chandler & others *v.* Sprague.

and received the goods, became bound to pay the freight, and entered them at the custom house, and gave security for the duties ; after which the goods were attached by the defendant.

In the first place, we are of opinion that no property in these goods was vested in Parker, Howard & Co. Had they filled up the blank in the bills of lading, as they had authority to do, so as to make the goods deliverable to themselves, and accept- ed the consignment, then the property would have vested in them, as consignees, liable to account to the consignor.

Ordinarily, the name of a consignee is inserted ; and then such consignee, or his indorsee, may receive the goods and ac- quire a special property in them. Sometimes the shipper, or consignor, is himself named as consignee, and then the engage- ment of the ship owner or master is, to deliver them to him or his assigns. Sometimes no person is named, the name of the consignee being left blank, which is understood to import an en- gagement, on the part of the master, to deliver the goods to the person to whom the shipper or consignor shall order the delivery, or to the assignee of such person. Abbott on Ship. (4th Amer. ed.) 215.

Had Campbell originally shipped these goods and taken bills of lading, making them deliverable to the plaintiffs or their or- der, then according to the usage and custom of merchants, and the established principles of mercantile law, the property would have vested in the plaintiffs, and they might have maintained an action for it, in their own names, against the ship owner, or any other person. In such case, the consignee may confer an absolute and indefeasible right of property on a third person, by indorsement and delivery of the bills of lading. Abbott on Ship. 389. *Conard* v. *Atlantic Ins. Co.* 1 Pet. 445.

We consider the bill of lading, thus originally signed in blank, and subsequently filled up by the authority of the shipper, so as 'o make the goods deliverable to the plaintiffs, as having the ame effect to vest the property in them, as if their names had been so inserted by the direction of the shipper, when it was filled up and signed by the master of the brig.

In *Sargent* v. *Morris,* 3 Barn. & Ald. 277, the bill of lading

was very peculiar, and it made the goods deliverable to the plaintiff, for the shippers. It was proved that the goods were sent for the account and at the risk of the shippers ; and it was held that an action against the ship owner, for damages, would not lie by such consignee. Mr. Justice Best cited with approbation *Evans* v. *Marlett*, 1 Ld. Raym. 271, where this distinction was taken : "If goods by bill of lading are consigned to A., A. is the owner, and must bring the action against the master of the ship, if they are lost. But if the bill be special to be delivered to A. to the use of B., B. ought to bring the action.'

In *Dougal* v. *Kemble*, 3 Bing. 383, one parcel of the goods was shipped, under a bill of lading making them deliverable to the shippers' own order, and their indorsement vested the property in the vendee. *S. C.* 11 Moore, 250.

But there is another view, which seems to us to lead to the same result. Suppose that Campbell was not, in strictness, the consignee of these goods, and that a mere formal indorsement would not have vested the property in the plaintiffs, as indorsees ; still the whole disposing power was in him. He had a right to direct the delivery of the property in any mode he might think fit ; and by sending the invoice and bills of lading to Howard & Co., and authorizing them to name the consignee, and by their naming the plaintiffs, that vested the property in them, as against the shipper and those claiming under him, and all others not claiming the goods as consignees, under a formal bill of lading. *Nathan* v. *Giles*, 5 Taunt. 558. 1 Pet. *ubi sup.*

But, supposing, for the sake of the argument, that the plaintiffs did not become consignees of these goods, by formal bills of lading, so that they could have maintained an action in their own names against the ship owner for the loss or non-delivery of the goods ; still the goods, by the authority of the owner, had been directed to be delivered to them, with authority to sell and pay over the proceeds ; the ship owner had recognized that authority, yielded to it, and delivered the goods to the plaintiffs ; they had received them, incurred expenses and charges, for freight, duties and storage, and acquired a right to sell them and earn their commission. Under these circumstances, they had a

right of possession and special property in the goods, sufficient
to enable them to maintain an action against a stranger.   If the
general property was not in them, it remained in Campbell, for
whom they must be deemed agents.   No bill of lading, invoice
or document of any sort, ever transferred any property in the
goods to Parker, Howard & Co., whose interest was in the net
proceeds, not in the goods before sale.   There was no interest
in them, therefore, which could be reached by attachment, and
the defendant, the sheriff, was a mere stranger.

*Judgment on the verdict.*